NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

NOV 22 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KRISHNA GURUNG, | No. 15-72313 |
| Petitioner, | Agency No. A205-540-904 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 17, 2021[**]
San Francisco, California

Before: WATFORD and FRIEDLAND, Circuit Judges, and KORMAN,[***] District Judge.

Krishna Gurung, a native and citizen of Nepal, petitions for review of a

Board of Immigration Appeals (BIA) order upholding the immigration judge's (IJ)

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Edward R. Korman, United States District Judge for the Eastern District of New York, sitting by designation.

denial of his applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). We deny the petition for review.

**1.** Substantial evidence supports the agency's adverse credibility determination. First, Gurung offered inconsistent testimony regarding a February 2011 incident. In his declaration, Gurung stated that, in February 2011, he found three Maoists waiting for him outside of his home who offered him a position in their party and warned him to cooperate. At the merits hearing, however, Gurung testified that members of the Maoist Party grabbed him while he was walking home from the village, forced him to walk 45 minutes to their commander's office, and detained him at the office for two to three hours. When asked about the inconsistencies between these two accounts, Gurung provided non-responsive answers, paused for an extended period, and then explained that he made a mistake in his declaration because his father was sick. It was not unreasonable for the agency to reject this explanation. *See Silva-Pereira v. Lynch*, 827 F.3d 1176, 1186 (9th Cir. 2016).

Second, Gurung omitted any mention in his declaration of a threatening phone call he received in June 2009, but at the hearing Gurung testified that he received a 45-minute phone call from a Maoist during which he was threatened with death if he did not join the Maoist party. While omissions are generally less probative of credibility than inconsistencies, an omission may still support an

adverse credibility finding, particularly where the petitioner initially omits an event that tells a more compelling story of persecution. *See Lai v. Holder*, 773 F.3d 966, 971 (9th Cir. 2014).

Finally, the adverse credibility determination is also supported by the agency's demeanor finding. We accord substantial deference to demeanor findings, where, as here, they are based on specific instances the agency identifies in the record. *See Shrestha v. Holder*, 590 F.3d 1034, 1041–42, 1045 (9th Cir. 2010).

In the absence of credible testimony, Gurung's asylum and withholding of removal claims fail.

**2.** Substantial evidence also supports the agency's determination that Gurung is not eligible for CAT protection. Gurung's claim for relief is based on the same testimony that the agency deemed not credible. While an adverse credibility finding does not necessarily defeat a claim for CAT relief, Gurung's highly generalized country conditions evidence does not compel the conclusion that he is more likely than not to be tortured. *See id.* at 1048–49.

**PETITION FOR REVIEW DENIED.**